```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA          :    INFORMATION
         -v.-                     :    06 Cr.
RICHARD HERNANDEZ,                :
              Defendant.               06 CRIM. 838
- - - - - - - - - - - - - - - - - - x
```

**COUNT ONE**

The United States Attorney charges:

1. From in or about 1995 up to and including in or about June 2002, in the Southern District of New York and elsewhere, RICHARD HERNANDEZ, the defendant, and others known and unknown, unlawfully, willfully and knowingly did conspire to commit robberies, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby would and did obstruct, delay and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, from in or about 1995 up to and including in or about June 2002, HERNANDEZ, and others known and unknown, agreed, planned and participated in approximately 13 robberies and attempted robberies of persons engaged in narcotics trafficking.

(Title 18, United States Code, Section 1951.)

**COUNTS TWO THROUGH FIVE**

The United States Attorney further charges:

2. On or about the dates specified below, in the

Southern District of New York and elsewhere, RICHARD HERNANDEZ, the defendant, and others known and unknown, unlawfully, willfully and knowingly did commit robbery, and attempt to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and thereby would and did obstruct, delay and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, HERNANDEZ, and others known and unknown, committed the following robberies and attempted robberies, among others, of persons engaged in narcotics trafficking:

| COUNT | APPROXIMATE DATE | GENERAL LOCATION | ITEMS STOLEN |
|---|---|---|---|
| TWO | Late 1999-Early 2000 | 142d Street, New York NY | Approximately 1 kilogram of cocaine, $26,000 and a firearm |
| THREE | Summer 2000 | 180th Street and Crotona Avenue, Bronx, NY | $600 |
| FOUR | August 20, 2000 | 5 Cabrini Blvd, New York, NY | None |
| FIVE | September 25, 2001 | 811 East 178th Street, New York, NY | None |

(Title 18, United States Code, Sections 1951 and 2.)

**COUNT SIX**

The United States Attorney further charges:

3.   On or about August 20, 2000, in the Southern District of New York, RICHARD HERNANDEZ, the defendant, unlawfully, willfully, and knowingly, used and carried a firearm, and aided and abetted the use and carrying of a firearm, during and in relation to a crime of violence and a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the crime charged in Count Four of this Information, and, in the course of such crime caused the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111, in that HERNANDEZ participated in an attempted robbery of a drug dealer, Jaime Valentin, during which attempted robbery an accomplice shot and killed Valentin, in the vicinity of 5 Cabrini Boulevard, New York, New York.

(Title 18, United States Code, Sections 924(j) and 2.)

**COUNT SEVEN**

The United States Attorney further charges:

4.   On or about September 25, 2001, in the Southern District of New York, RICHARD HERNANDEZ, the defendant, unlawfully, willfully, and knowingly, used and carried a firearm, and aided and abetted the use and carrying of a firearm, during and in relation to a crime of violence and a drug trafficking

crime for which he may be prosecuted in a court of the United States, namely, the crime charged in Count Five of this Information, and, in the course of such crime caused the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111, in that HERNANDEZ participated in an attempted robbery of a drug dealer, Victor Marciano, during which attempted robbery an accomplice shot and killed Marciano, in the vicinity of 811 East 178th Street, Bronx, New York.

(Title 18, United States Code, Sections 924(j) and 2.)

## COUNT EIGHT

The United States Attorney further charges:

5.  From in or about 1995, up to and including in or about June 2002, in the Southern District of New York and elsewhere, RICHARD HERNANDEZ, the defendant, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

6.  It was a part and an object of the conspiracy that RICHARD HERNANDEZ, the defendant, and others known and unknown, unlawfully, intentionally and knowingly would and did distribute and possess with intent to distribute a controlled substance, to wit, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United

4

States Code, Sections 812, 841(a)(1) and 841(b)(1)(A).

7.  It was further a part and an object of the conspiracy that RICHARD HERNANDEZ, the defendant, and others known and unknown, unlawfully, intentionally and knowingly would and did distribute and possess with intent to distribute a controlled substance, to wit, 1 kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A).

8.  It was further a part and an object of the conspiracy that RICHARD HERNANDEZ, the defendant, and others known and unknown, unlawfully, intentionally and knowingly would and did distribute and possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of marihuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(D).

9.  It was further a part and an object of the conspiracy that RICHARD HERNANDEZ, the defendant, and others known and unknown, unlawfully, intentionally and knowingly would and did distribute and possess with intent to distribute a controlled substance, to wit, mixtures and substances containing a detectable amount of 3,4-methylenedioxymethamphetamine ("MDMA"), commonly known as "ecstasy," in violation of Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(C).

**Overt Acts**

10. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, was committed in the Southern District of New York and elsewhere:

   a. On or about August 20, 2000, in New York, New York, RICHARD HERNANDEZ, the defendant, attempted to rob an individual who HERNANDEZ believed possessed a controlled substance.

   b. On or about September 25, 2001, in the Bronx, New York, RICHARD HERNANDEZ, the defendant, attempted to rob an individual who HERNANDEZ believed possessed a controlled substance.

(Title 21, United States Code, Section 846.)

**FORFEITURE ALLEGATION AS TO COUNT EIGHT**

11. As a result of committing the controlled substance offense alleged in Count Eight of this Information, RICHARD HERNANDEZ, the defendant, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds said defendant obtained directly or indirectly as a result of said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count Eight of this Information, in violation of Title 21, United States Code, Section 846.

6

**Substitute Assets Provision**

        12.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

        (a)    cannot be located upon the exercise of due diligence;

        (b)    has been transferred or sold to, or deposited with, a third party;

        (c)    has been placed beyond the jurisdiction of the court;

        (d)    has been substantially diminished in value; or

        (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

        (Title 21, United States Code, Sections 846 and 853.)

*[signature: Michael J. Garcia]*
MICHAEL J. GARCIA
United States Attorney

7

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

- v -

**RICHARD HERNANDEZ,**

**Defendant.**

---

**INFORMATION**

06 Cr.    (KMK)

(18 U.S.C. §§ 1951, 924 and 2, and
21 U.S.C. § 846)

MICHAEL J. GARCIA
United States Attorney.